UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

MELVIN DUNSTER,

                Plaintiff,

    -against-

FEDERAL BUREAU OF PRISONS, WARDEN DUKE
TERRELL, JOHN AND JANE DOES,

                Defendants.

------------------------------------------------------------------ X

10-CV-1735 (ARR)(LB)

NOT FOR PRINT OR
ELECTRONIC
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

Plaintiff, Melvin Dunster, currently incarcerated at the Metropolitan Detention Center (MDC) Brooklyn and proceeding *pro se*, filed a Bivens action claiming that defendants have been deliberately indifferent to his medical needs. Before the court is plaintiff's objection to U.S. Magistrate Judge Lois Bloom's order denying the appointment of pro bono counsel. For the reasons stated below, the court affirms Judge Bloom's order.

I.    Standards of Law

Pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), a Magistrate Judge may hear and determine any pretrial matter except those considered to be dispositive. As to non-dispositive matters, a district court may reverse a magistrate judge's order only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." See 28 U.S.C. § 636(b)(1)(A). An order is "clearly erroneous" only if a reviewing court, considering the entirety of the evidence, "'is left with the definite and firm conviction that a mistake has been committed,' and an order is 'contrary to law when it fails to apply or

1

misapplies relevant statutes, case law or rules of procedure.'" E.E.O.C. v. First Wireless Group, Inc., 225 F.R.D. 404, 405 (E.D.N.Y. 2004) (quoting Weiss v. La Suisse, 161 F. Supp. 2d 305, 320-21 (S.D.N.Y. 2001)). This standard is "highly deferential," "imposes a heavy burden on the objecting party," and "only permits reversal where the magistrate judge abused his discretion." Mitchell v. Century 21 Rustic Realty, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002). "A decision relating to an application for appointment of counsel is clearly non-dispositive." Pacheco v. Vanwyk, No. 94-CV-0456, 1997 WL 115945, at *1 (N.D.N.Y. Mar. 12, 1997); see also Schoolfield v. Dep't of Corr., No. 91-CV-1691, 1993 WL 127202, at *2 (S.D.N.Y. Apr. 20, 1993).

Unlike criminal defendants, prisoners, such as plaintiff, and indigents filing actions have no constitutional right to counsel. However, 28 U.S.C. § 1915(e)(1) provides that the court may request an attorney to represent any person unable to afford counsel. Plaintiff made an application to proceed *in forma pauperis*, which was granted. Therefore, he is within the class to whom 28 U.S.C. § 1915(e)(1) applies.

When deciding whether to assign counsel to an indigent civil litigant under 28 U.S.C. § 1915(e)(1), the court looks first to the "likelihood of merit" of the underlying dispute. Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); see also Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989); Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986) ("In deciding whether to appoint counsel, [a] district [court] should first determine whether the indigent's position seems to be of substance.") Thus, even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor. See Cooper, 877 F.2d at 172.

Where a plaintiff satisfies the threshold requirement of demonstrating that the plaintiff's position is likely to be of substance, the court should then consider: (1) the indigent's ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact-finder; (3) the indigent's ability to present the case; (4) the complexity of the legal issues; and (5) any special reason in that case why appointment of counsel would be more likely to lead to a just determination. Hodge, 802 F.2d at 61-62. The pleadings drafted by a *pro se* litigant such as plaintiff, are to be construed liberally and interpreted to raise the strongest arguments they suggest. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

II. Factual Background

Plaintiff claims in this Bivens action that defendants have been deliberately indifferent to his medical needs. He alleges that he is "presently suffering extraordinary, substantial and excruciating pain in [his] right eye" and "severe headaches," and that medical personnel at the MDC have "totally ignored" his requests for medical attention. (Compl. at 4.) He alleges that he is in "dire need of surgery" to his eye. (Compl. at 4.) Plaintiff also alleges in his complaint that he is scheduled to be transferred to a federal prison facility in Texas by air, which will cause further pain and irreparable injury. (Compl. at 4.) He seeks immediate ophthalmologic care, surgery, and a stay of any transportation by airplane. (Compl. at 5.) Soon after filing his complaint, plaintiff requested to court to appoint pro bono counsel.

On June 16, 2010, Magistrate Judge Bloom held a pre-trial telephone conference in the case with plaintiff and an Assistant United States Attorney representing the defendants. During the telephone conference, and subsequently in a written order, Judge Bloom denied plaintiff's

request for pro bono counsel because he had not made the requisite showing that his claim is likely to be of substance. See Dunster v. Fed. Bureau of Prisons, 10-CV-1735(ARR)(LB) (E.D.N.Y. June 17, 2010). Judge Bloom reasoned at the telephone conference that plaintiff's Bivens claim was unlikely to be of merit because plaintiff admitted that he had failed to exhaust his administrative remedies and therefore his claim would likely be dismissed. (Tr. at 14, 17-18, 20.) Judge Bloom also explained that for his Bivens claim, plaintiff had not named the proper defendants. (Tr. at 8-9.) She further explained that if plaintiff intends to bring a Federal Tort Claims Act action against the United States, he must first file an administrative claim (form SF-95), which he has not yet done. (Tr. at 9.) Plaintiff stated during the telephone conference that since he filed his case, the medical staff has "been really good lately" and he has receive more medical attention. (Tr. at 6-7, 17.)

Following the telephone conference, plaintiff filed his objection to Judge Bloom's order denying the appointment of pro bono counsel, requesting that it be reviewed.

III. Analysis

Plaintiff has not asserted any comprehensible reasons why Judge Bloom's order denying appointment of pro bono counsel is clearly erroneous or contrary to law.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in jail, prison, or any other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other

4

wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). This exhaustion requirement applies to claims of deliberate medical indifference. See Bennett v. Bailey, No. 07 Civ. 7002, 2010 WL 1459192, at *1-4 (S.D.N.Y. Apr. 9, 2010). It is well-settled that this exhaustion requirement is mandatory and not within the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 85 (2006). To satisfy the exhaustion requirement, an inmate must challenge the prison conditions in question to the highest level of administrative review before filing suit. Davis v. Reilly, 324 F. Supp. 2d 361, 365 (E.D.N.Y. 2004). In the federal prison system, an inmate must follow the four-step procedure set forth in the BOP's Administrative Remedy Program. See 28 C.F.R. §§ 542.13-.15; BOP Program Statement 1330.16 (Aug. 6, 2002). Plaintiff admitted during the pre-trial telephone conference that he had not exhausted his administrative remedies and, in fact, had only filed his informal resolution. Plaintiff's claim is therefore unlikely to be of merit and does not meet the threshold requirement for appointment of pro bono counsel. Judge Bloom's order denying appointment of pro bono counsel is not clearly erroneous or contrary to law.

IV. Conclusion

Accordingly, plaintiff's application seeking reversal of Judge Bloom's order is denied.

SO ORDERED.

          Allyne R. Ross
          United States District Judge

Dated: June 30, 2010
       Brooklyn, New York

5

SERVICE LIST:

>*Pro Se Plaintiff*
>Melvin Dunster
># 04946-082
>MDC Brooklyn
>Metropolitan Detention Center
>P.O. Box 329002
>Brooklyn, NY 11232

>*Attorney for Defendants*
>Orelia E. Merchant
>United States Attorney's Office
>Eastern District of New York
>271 Cadman Plaza East
>Brooklyn, NY 11201

cc: Magistrate Judge Lois Bloom