

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
MELVIN DUNSTER,

                Plaintiff,

   -against-

FEDERAL BUREAU OF PRISONS; DUKE TERRELL,
Warden; JOHN and JANE DOES,

                Defendants.
------------------------------------------------------------- X

10-CV-1735 (ARR) (LB)

NOT FOR PRINT OR
ELECTRONIC
PUBLICATION

OPINION & ORDER

ROSS, United States District Judge:

Plaintiff Melvin Dunster, proceeding pro se, brings this action against the Federal Bureau of Prisons ("BOP") and prison officials at the Metropolitan Detention Center Brooklyn ("MDC") alleging claims related to his medical care at that facility. In the complaint, filed April 12, 2010, plaintiff alleges that defendants failed to treat a painful condition in his right eye. He seeks damages and injunctive relief, including immediate medical care and a stay of his then-anticipated transfer to a BOP facility in Texas because, he alleges, the changes in pressure associated with air transportation would aggravate his medical condition. Now before the court is defendants' motion to dismiss the complaint or, in the alternative, for summary judgment. Plaintiff has submitted no response in opposition. Because plaintiff has failed to exhaust administrative remedies before bringing suit, defendants' motion is granted.

## BACKGROUND

The following factual background relies on defendants' statement pursuant to Local Rule 56.1 and the appended exhibits. Under that rule, "[e]ach numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed

1

admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Defendants have complied with this rule and also with Local Rule 56.2, which requires a party moving for summary judgment to send notice to a pro se adversary informing the pro se party of the need to submit evidence and follow the procedures in Local Rule 56.1 in order to oppose the motion for summary judgment. Because plaintiff has failed to respond to defendants' moving papers, the court accepts defendants' factual assertions as true, as permitted by Local Rule 56.2(d).

Plaintiff was incarcerated at the MDC from January 20, 2010 until August 11, 2010, when he was transferred to Devens Federal Medical Center in Massachusetts. Upon admission to the MDC, all inmates receive an Admission and Orientation booklet that advises them of the policies and procedures, including grievance procedures, of the BOP and the MDC. Under these procedures, an inmate must first attempt to resolve any concern informally by submitting an informal request to a staff member. 28 C.F.R. § 542.13. Then, if the concern is not resolved to the inmate's satisfaction, the inmate may file a formal complaint within 20 days after the basis for the complaint arose, 28 U.S.C. § 542.14, and pursue it through a three-tiered system of administrative review, 28 U.S.C. § 542.15. The formal complaint process is subject to strict time limits at all levels.

On March 1, 2010, plaintiff submitted an informal request to an MDC staff member with respect to his concerns at issue in this action. Plaintiff did not subsequently pursue his concerns through the formal, three-tiered complaint process. Nor did plaintiff file an administrative tort claim with the BOP.

## DISCUSSION

Defendants move to dismiss the complaint for lack of subject-matter jurisdiction pursuant Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that plaintiff's constitutional tort claims against defendants in their official capacities are barred by sovereign immunity and, to the extent that plaintiff's claims may be construed as arising under the Federal Tort Claims Act ("FTCA"), that those claims must be dismissed because plaintiff failed to exhaust his administrative remedies prior to commencing suit, as required by the FTCA. In addition, defendants seek summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure with respect to plaintiff's claims for injunctive relief and for damages from the defendant officers in their individual capacities, arguing that plaintiff failed to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act of 1996 ("PLRA").

A. <u>Standard of Review</u>

Under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint, but will not draw inferences favorable to the party asserting jurisdiction. <u>J.S. ex rel. N.S. v. Attica Cent. Schs.</u>, 386 F.3d 107, 110 (2d Cir. 2004); <u>Shipping Fin. Servs. Corp. v. Drakos</u>, 140 F.3d 129, 131 (2d Cir. 1998). As the party seeking to invoke the jurisdiction of the court, plaintiff bears the burden of demonstrating that subject-matter jurisdiction is proper based on facts existing at the time the complaint was filed. <u>Scelsa v. City Univ. of New York</u>, 76 F.3d 37, 40 (2d Cir. 1996). For the purposes of a Rule 12(b)(1) motion, the court may consider affidavits and other materials beyond the pleadings. <u>See J.S. ex rel. N.S.</u>, 386 F.3d at 110; <u>Robinson v. Gov't of Malaysia</u>, 269 F.3d 133, 140-41 & n.6 (2d Cir. 2001).

Under Rule 56(c), a moving party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue

as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby Inc., 477 U.S. 242, 250 (1986). In determining whether there is a genuine issue of material fact, "the district court is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Weyant v. Okst, 101 F.3d 845, 854 (2d Cir.1996) (citing Anderson, 477 U.S. at 255).

B. Subject-Matter Jurisdiction

It is well settled that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 484, 586 (1941)). The shield of sovereign immunity also protects United States agencies and officers acting in their official capacities. FDIC v. Meyer, 510 U.S. 471, 475 (1994); Dotson v. Griesa, 398 F.3d 156, 177 (2d Cir. 2005). A waiver of sovereign immunity is therefore a jurisdictional prerequisite to suit against the United States and its agencies and officers.

"[T]he United States has not waived its sovereign immunity with respect to claims that its employees have committed constitutional torts, and . . . a claimant's exclusive remedy for nonconstitutional torts by a government employee acting within the scope of his employment is a suit against the government under the FTCA." Castro v. United States, 34 F.3d 106, 110 (2d Cir. 1994). Therefore, only an FTCA claim is possible against defendants in their official capacities. Liberally construing plaintiff's pro se complaint to assert such a claim, the court lacks subject-matter jurisdiction to adjudicate it. The FTCA waives sovereign immunity for certain tort

claims, see 28 U.S.C. § 2679, but requires as a jurisdictional prerequisite to suit that a plaintiff first pursue an administrative remedy with the appropriate federal agency, see 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 112-13 (1993); Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005). Because plaintiff failed to file an administrative tort claim with the BOP, his FTCA claim must be dismissed without prejudice for lack of subject-matter jurisdiction.

Although no waiver of sovereign immunity is necessary to sue a federal officer in his individual capacity for a constitutional tort, see Liffiton v. Keuker, 850 F.2d 73, 78 (2d Cir. 1988) (citing Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)), plaintiff's failure to exhaust administrative remedies also bars such claims in this action, as explained below.

C. PLRA Exhaustion

Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); see also Johnson v. Rowley, 569 F.3d 40, 45 (2d Cir. 2009). It also applies to prisoners' suits whether they are pursuing monetary or injunctive relief, even if the relief they seek is not available through the prison's grievance process. See Booth v. Churner, 532 U.S. 731 (2001). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007).

In order to exhaust a claim, "prisoners must 'complete the administrative review process in accordance with the applicable procedural rules.'" Id. at 218 (quoting Woodford v. Ngo, 548 U.S. 81, 88 (2006)). Those procedural rules are "defined not by the PLRA, but by the prison grievance process itself." Id. As a federal inmate, plaintiff had to comply with the BOP's rules, which provide for an informal request procedure and a three-tiered formal complaint process subject to strict time limits. See 28 C.F.R. §§ 542.13-542.15; Johnson, 569 F.3d at 45.

Plaintiff never completed the BOP grievance process, nor has he offered any explanation for his failure to do so. Cf. Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004) (additional inquiry appropriate "where a prisoner plaintiff plausibly seeks to counter defendants' contention that the prisoner has failed to exhaust available administrative remedies as required by the PLRA"). Plaintiff thus failed to exhaust his administrative remedies under the PLRA, and he may not assert Bivens claims or claims for injunctive relief. See Macias v. Zenk, 495 F.3d 37, 42 (2d Cir. 2007). Therefore, the court does not reach defendants' arguments with respect to adequate pleading, qualified immunity, and mootness.

## CONCLUSION

For the reasons stated above, defendants' motion is granted. The complaint is dismissed with prejudice except that plaintiff's FTCA claims are dismissed without prejudice. The Clerk of Court is directed to enter judgment accordingly.

SO ORDERED.

/Signed by Judge Ross/

_____
Allyne R. Ross
United States District Judge

Dated: June 1, 2011
Brooklyn, New York

**SERVICE LIST**

<u>Pro Se Plaintiff</u>
Melvin Dunster
# 04946-082
Devens Federal Medical Center
P.O. Box 879
Ayer, MA 01432